GLASS EQUIPMENT DEVELOPMENT,
INC., Plaintiff,

v.

SIMONTON WINDOWS CO.,
et al., Defendants.

Civil Action No. 1:93CV63.

United States District Court,
N.D. West Virginia,
Clarksburg Division.

June 25, 1996.

Stephen C. Jory, Elkins, WV, and Thomas H. Shunk, Wade A. Mitchell, Cleveland, OH, and Linn J. Raney, Cleveland, OH, for Plaintiff.

William E. Hamb, Robert W. Kiefer, Jr., Charleston, WV, and Thomas C. O'Konski, Patricia A. Sheehan, Boston, MA, for Defendant Simonton.

Gregory A. Morgan, James V. Cann, Clarksburg, WV, and Cheryl Farine, Michael Vary, Cleveland, OH, for Defendant Beston.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on Besten's objections to the Magistrate Judge's Recommendation for Disposition. For the reasons stated below, the Court adopts the Magistrate Judge's Proposed Findings of Fact, rejects the Magistrate Judge's Recommendation for Disposition, grants summary judgment in favor of Besten, and dismisses with prejudice both Besten's counterclaim against Glass Equipment Development ("GED") and Simonton Windows' cross-claim against Besten.

## I.

This case involves fairly simple facts and straightforward claims. GED manufactures a folding, locking corner key, patented under U.S. Patent No. 4,530,195 ("the '195 patent"), which it sells through an exclusive licensing agreement with Allmetal. Small window companies such as Simonton Windows buy the folding, locking corner key from Allmetal for use in manufacturing insulated windows. Allmetal pays GED a royalty on the '195 patent for each folding, locking corner key sold. One method of making such windows using the folding, locking corner key is the linear extrusion method, which is patented under U.S. Patent No. 4,628,582 ("the '582 patent"). The '195 and '582 patents derive from the same application, but the Patent Office forced GED to divide the application, because one cannot combine a piece of equipment and a method of manufacture in the same patent. GED does not directly license the '582 patent, but provides buyers of its linear extruder the right to use the method described therein.

Besten sells its own linear extruder. A number of window companies, such as Simonton Windows, purchased Besten's extruder for use in making insulated windows with the folding, locking corner key using the linear extrusion method. Consequently, GED filed suit against Simonton Windows and Besten on April 26, 1993. GED alleged that Simonton Windows had infringed the '582 patent by using the linear extrusion method to manufacture insulated windows with the folding, locking corner key, and that Besten had induced Simonton Windows to infringe the patent by selling it a linear extruder and instructing Simonton Windows how to use it to manufacture insulated windows. Besten filed a counterclaim against GED, alleging that its suit against Besten and Simonton Windows, and other similar threatened suits, were an attempt to eliminate competition and monopolize the market in violation of § 2 of the Sherman Antitrust Act. Simonton Windows also filed a cross-claim against Besten under an indemnifica-

tion agreement between them. Simonton Windows subsequently reached a settlement with GED, in which they replaced Besten's linear extruders with ones made by GED.

Besten filed a motion to dismiss the complaint (converted under FED.R.CIV.P. 12(b) into a motion for summary judgment) on the grounds that Simonton Windows had an implied license to use the '582 patent. The Court held that issues of material fact existed at that point as to whether commercially viable non-infringing uses for the folding, locking corner key existed, and denied Besten's motion on March 23, 1995.

Besten filed another motion for summary judgment on its implied license defense on June 26, 1995, after further discovery. The motion was referred to the Magistrate Judge, who issued his Proposed Findings of Fact and Recommendation for Disposition on February 29, 1996, in which he recommended again denying Besten's motion for summary judgment because of the existence of an issue of material fact as to whether an implied license exists. Neither party objected to the Magistrate Judge's Proposed Findings of Fact,[1] and the Court therefore adopts them. Besten, however, did file objections to the Magistrate Judge's Recommendation for Disposition, arguing that it did not logically follow from his Findings of Fact. The standard of review is *de novo*. *See* FED.R.CIV.P. 72(b).

## II.

In *United States v. Univis Lens Co.*, 316 U.S. 241, 249, 62 S.Ct. 1088, 1093, 86 L.Ed. 1408 (1942), the Supreme Court stated that "[a]n incident to the purchase of any article, whether patented or unpatented, is the right to use and sell it, and upon familiar principles the authorized sale of an article which is capable of use only in practicing the patent is a relinquishment of the patent monopoly with respect to the article sold." In the context of this case, then, if the only use of the folding, locking corner key is the '582 patent, then by authorizing through Allmetal the sale of the key, GED has relinquished its

---

1. Besten preserved an objection to Finding No. 7, but that objection is not material to the merits

of Besten's motion for summary judgment.

monopoly on the '582 patent with respect to the key.

The Court held, in its earlier denial of summary judgment, that *Univis* is not directly on point, because the Supreme Court reserved "questions which might arise if the [purchaser of the product] utilized the invention of some patent other than the patent which was practiced in part by the manufacturer." *Id.* at 248, 62 S.Ct. at 1092. In the context of this case, the purchaser of the folding, locking corner key does not use the '195 patent in using the key to make insulated windows; it uses the '582 patent. Therefore, the purchaser is "utiliz[ing] the invention of some patent other than the patent which was practiced in part by the manufacturer" of the key. In other words, two patents are involved in the making of the key and the insulated window, whereas in *Univis* only one patent was at issue between the patentee and the purchaser. Thus, as the Court previously noted, the question presented in the instant case is exactly the question reserved by the Supreme Court in *Univis.*

The Federal Circuit partially addressed this question in *Bandag, Inc. v. Al Bolsher's Tire Stores, Inc.,* 750 F.2d 903 (Fed.Cir. 1984). It held that the principle, enunciated above in *Univis,* that "the first sale by a patentee of an article embodying his invention exhausts his patent rights in that article" did not apply to the method patent at issue, because the method "cannot read on the equipment" used by the infringer. *Id.* at 924. In other words, the method patent at issue did not include in either its claims or its specifications the equipment relied upon by the infringer to establish an implied license. The negative implication of *Bandag,* however, is that a method patent which includes in either its claims or its specifications the equipment relied upon to establish the implied license would fall under the exhaustion principle articulated in *Univis.* The '582 patent includes the folding, locking corner key in claims 1 and 8, and so the exhaustion principle of *Univis* applies under *Bandag.*

### III.

■ The question before the Court, therefore, and the question addressed by the Magistrate Judge's Recommendation for Disposition, is whether the folding, locking corner key "is capable of use only in practicing the ['582] patent." The standard for determining whether a noninfringing use exists is set forth in *Cyrix Corp. v. Intel Corp.,* 846 F.Supp. 522 (E.D.Tex.1994). The Court in *Cyrix* held that for a use to be noninfringing, it must be commercially viable, and then went on to define what it meant by commercial viability:

"Commercial viability" means the ability to sell a device at a profit and to afford the development and continuation of an ongoing business. "Profit" means the difference between what you sell a product for and what a product costs to make.

*Id.* at 541. The Magistrate Judge found that there was a genuine issue of material fact as to whether a commercially viable noninfringing use of the folding, locking corner key exists, and so recommended denying Besten's motion for summary judgment.

■ Besten claims that the Magistrate Judge's Recommendation for Disposition does not follow from his Findings of Fact. In particular, Besten focuses on Findings 5 and 9:

5. Based upon the record before the court, as of September 27, 1995, there was no evidence of current commercial use of the foldable locking corner keys other than its use with the lineal extruder method. The most recent possible use, other than with the lineal extruder method, was in 1988 at the Simonton Window Company.

9. There is no conclusive evidence as to the cost of the production of windows using the foldable locking corner keys as contrasted with the cost of production using fixed corner keys.

Besten claims the fact that no current commercial use of the folding, locking corner key exists, and that the two prior commercial uses found by the Magistrate Judge in Findings 2–4 lasted for only brief periods of time before the companies in question adopted the linear extrusion method shows that no commercially viable use for the folding, locking corner key exists other than its use in the linear extrusion method. In particular, the

evidence shows that the two companies did not develop or continue their business using the folding, locking corner key in a manner other than the linear extrusion method. Besten further notes that GED introduced no evidence of the profitability of making insulated windows with the folding, locking corner key using a method other than the linear extrusion method to contradict Besten's evidence that no other profitable method exists. Nor did the Magistrate Judge make any relevant findings related to profitability: he addressed the profitability of making insulated windows using folding, locking corner keys as opposed to fixed corner keys instead of addressing the profitability of different methods of making insulated windows using folding, locking corner keys, which was the issue before him.

In response, GED claims that the prior uses of other methods demonstrates that there are commercially viable uses for the folding, locking corner key other than the linear extrusion method. It argues that the companies abandoned the prior methods in favor of the linear extrusion method not because the prior methods were not profitable, but because the linear extrusion method was more so. In this very argument, however, GED demonstrates that it has failed to proffer any evidence to oppose Besten's evidence demonstrating that no commercially viable use exists. If the linear extrusion method is more profitable than other methods of making insulated windows using folding, locking corner keys, then such methods cannot "afford the development and continuation of an ongoing business." Any business using the folding, locking corner keys in such a method would be undersold by a business using the linear extrusion method.

Consequently, under the Magistrate Judge's own Findings of Fact, Besten has proved that no issue of material fact exists with regard to the fact that no commercially viable noninfringing uses of the folding, locking corner key exist other than the linear extrusion method. The Magistrate Judge's Recommendation for Disposition which states that an issue of material fact exists as to whether such other commercially viable uses exist does not logically follow, and therefore his Recommendation for Disposition is re-

jected. Simonton Windows, because no other commercially viable use for the folding, locking corner key exists, has an implied license to use the method described in the '582 patent. Therefore, Besten cannot have induced Simonton Windows to infringe the '582 patent and is entitled to have summary judgment entered in its favor.

## IV.

The granting of summary judgment in favor of Besten resolves the remaining outstanding issues in the case. Because Besten has a legal right to sell linear extruders to companies which purchase the folding, locking corner key for use in making insulated windows using the linear extrusion method, GED's lawsuit has not succeeded in establishing a monopoly. Besten, therefore, has suffered no antitrust damages, and consequently, its counterclaim is dismissed with prejudice. Likewise, Simonton Windows had a legal right to manufacture insulated windows using the linear extrusion method and Besten's extruder. Therefore, Simonton Windows was a volunteer in its settlement with GED, and Besten is not liable for the costs thereof. Thus, Simonton Windows cross-claim against Besten is also dismissed with prejudice.

## V.

For the reasons stated above, the Court adopts the Magistrate Judge's Proposed Findings of Fact, rejects the Magistrate Judge's Recommendation for Disposition, grants summary judgment in favor of Besten, and dismisses with prejudice both Besten's counterclaim against Glass Equipment Development ("GED") and Simonton Windows' cross-claim against Besten.